**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Advocacy Digital Media, LLC**          ) | |
|     **An Illinois limited liability Co.,**  ) | **COMPLAINT FOR TRADEMARK** |
| ) | **INFRINGEMENT UNDER 15 USC** |
|        **Plaintiff,**           ) | **1125(a), UNFAIR COMPETITION** |
| ) | **UNDER 15 USC 1125(a),and  UNFAIR** |
|        **v.**             ) | **& DECEPTIVE TRADE** |
| ) | **PRACTICES UNDER 815 ILCS 510** |
| **High Impact, LLC,**           ) | |
|     **A Colorado limited liability Co.,**  ) | **Case No. 1:21-cv-5675** |
| ) | |
|        **Defendant.**       ) | |
| ) | |

## COMPLAINT

Plaintiff, Advocacy Digital Media, LLC ("Advocacy Digital Media" or "Plaintiff"), for its

Complaint for Trademark Infringement under the Lanham Act, Unfair Completion under the Lanham

Act, and Trademark Infringement under Illinois Law against Defendant, High Impact, LLC ("High

Impact" or "Defendant"), states and alleges as follows:

## STATEMENT OF THE CASE

Plaintiff, Advocacy Digital Media, provides animations, illustrations and interactive

presentations to legal professionals. In other words, Advocacy Digital Media creates trial exhibits for

trial lawyers. Advocacy Digital Media has used the slogan VISUAL SOLUTIONS TO COMPLEX

PROBLEMS, to promote these services since at least as early as May 9, 2017. Advocacy Digital Media

owns U.S. Registration Number 5554273 for the trademark VISUAL SOLUTIONS TO COMPLEX

PROBLEMS. Among the several forms of advertising used by Advocacy Digital Media are almost-

full-page advertisements in trade journals, such as the Illinois Trial Lawyers Association Annual

magazine. Advocacy Digital Media ran such an advertisement in the Vol. 23, Nov. 2, Summer 2021

issue of the Illinois Trial Lawyers Association magazine displaying the slogan VISUAL SOLUTIONS TO COMPLEX PROBLEMS.

Defendant, High Impact, also makes trial exhibits for trial lawyers. Defendant also ran an advertisement in the Vol. 23, Nov. 2, Summer 2021 issue of the Illinois Trial Lawyers Association magazine. Defendant's ad used the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS." Defendant intentionally used a slogan that is confusingly similar to Advocacy Digital Media's registered trademark. Given the context – advertising of trial exhibit creation services, to trial lawyers, in a magazine dedicated to trial lawyers - Defendant's advertisement violates Plaintiff's rights in the registered trademark because it is confusingly simailr to Plaitnff's trademark and intentionally so. When viewing the two the advertisements side by side, and the two trademarks at issue, the two are nearly identical in overall visual appearance, sound, and commercial impression. Defendant's use of the words "VISUAL SOLUTIONS" is identical to the dominant portion of the trademark used by Advocacy Digital Media.

Upon discovering High Impact's advertisement, through counsel, Advocacy Digital Media demanded that Defendant immediately cease use of the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS." In response, Defendant refused to comply with Plaintiff's reasonable demand. In addition, Defendant has added the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS" to the home page of its Internet website, and in the signature line of employee emails. Defendant continues ot sue the phrase "VISUAL SOLUTIONS" to promote its competing services. Defendant is intentionally and willfully violating Advocacy Digital Media's rights in the registered trademark.

Plaintiff, Advocacy Digital Media, now brings this lawsuit to prevent further infringement of its exclusive trademark rights, and recover damages suffered by its business due to Defendant High Impact's willful misconduct.

## JURISDICTION AND PARTIES

1.      Plaintiff, Advocacy Digital Media, LLC. is a limited liability company (LLC) organized under the laws of the State of Illinois, and all members are individuals who are citizens of the State of Illinois, with an address at 2650 N. Lakeview Ave. #3005 Chicago IL 60614.

2.      On information and belief, Defendant, High Impact, LLC is a citizen of the State of Colorado.

3.      On information and belief, Defendant, High Impact, LLC, is a limited liability company (LLC) organized under the laws of the State of Colorado and all members are individuals who are citizens of the State of Colorado.

4.      Despite recent diligent efforts to investigate the legal status of the Defendant's business entity, High Impact, LLC, Plaintiff was unable to locate any business registration or active business in good standing in the State of Colorado.

5.      On information and belief, Defendant, maintains its principal office at 8008 East Arapahoe Ct, Ste 200 Centennial, CO 80112.

6.      Plaintiff is bringing claims for Trademark Infringement of a registered trademark under the Lanham Act Sec. 15 USC 1125(a), Unfair Completion under Lanham Act Sec. 15 USC 1125(a), and Trademark Infringement under Illinois Law based on ownership of U.S. Registration Number 5554273.

7.      This Court's jurisdiction arises under 15 U.S.C. §1121 and 28 U.S.C. §1338(a).  This Court has jurisdiction over all other claims herein because this is a civil action between citizens of different states and the amount in controversy exceeds seventy five thousand dollars exclusive of costs in accordance with 28 U.S.C. §1332.  This Court has jurisdiction over the Lanham Act claims herein because these arise from violation of U.S. Registration Number 5554273. This Court has personal jurisdiction over the Defendant because the Defendant has purposely directed its conduct to the State

of Illinois by advertising to Illinois lawyers in the Illinois Trial Lawyers Association magazine that directly, immediately, and irreparably, harmed Plaintiff in Illinois. This Court also has pendent jurisdiction over all other claims in accordance with 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

## VENUE

8.      Venue is proper pursuant to 28 U.S.C. §1391(b).

## BACKGROUND

9.      Advocacy Digital Media, provides animations, illustrations and interactive presentations to legal professionals.

10.     Advocacy Digital Media has used the slogan "Visual Solutions to Complex Problems," to promote and distinguish its services providing animations, illustrations and interactive presentations to legal professionals, since at least as early as May 9, 2017.

11.     Advocacy Digital Media owns U.S. Registration Number 5554273 for the trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS for use in connection with "Computer graphics design services, namely, creating photorealistic animation designs for others; Design and development of computer-modeled versions of human beings using computer animation for use in movies, television, internet, games and other applications." A true and correct copy of the Registration Certificate is attached hereto as Exhibit A.

12.     Since October 4, 2017, Advocacy Digital Media has purchased advertising in various magazines, including the Illinois Trial Lawyers Association magazine, to promote the mark VISUAL SOLUTIONS TO COMPLEX PROBLEMS in connection with its animations, illustrations and interactive presentations for legal professionals.

13.     Advocacy Digital Media first published an advertisement using its trademark on October 4, 2017.

14.     More recently, Advocacy Digital Media ran an advertisement in the Vol. 23, Nov. 2, Summer 2021 issue of the Illinois Trial Lawyers Association magazine displaying the slogan VISUAL SOLUTIONS TO COMPLEX PROBLEMS.

15.     A true and correct copy of Plaintiff's advertisement is pictured below and attached hereto as <u>Exhibit B</u>:



16.     Defendant also provides services creating animations, illustrations and interactive presentation for legal professionals.

17.     Defendant also ran an advertisement in the Vol. 23, Nov. 2, Summer 2021 issue of the Illinois Trial Lawyers Association magazine.

18.      Defendant's advertisement displayed the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS" which is confusingly similar to Plaintiff's Trademark.

19.     A true and correct copy of Defendant's advertisement is pictured below and attached hereto as <u>Exhibit C</u>.



20.     Defendant's use of the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS", as used on or in connection with animations, illustrations and interactive presentations to legal professionals, so resembles Plaintiff's *registered* trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS, as to be likely to cause confusion.

21.     There is a high degree of similarity in appearance, sound, connotation and commercial impression between the advertisements and the slogans.

22.     The predominant feature of both slogans is the wording "VISUAL SOLUTIONS" which is present in each phrase.

23.     The Defendant's phrase appears in the same font size and style as Advocacy Digital Media's trademark.

24.     The Defendant's advertisement itself is highly similar in overall appearance, sound and style to the advertisement used by Advocacy Digital Media.

25.     The parties provide identical services: "Illustrations, Animations and Interactive Presentations."

6

26. Plaintiff's website, located at advocacydm.com lists Plaintiff's services on the homepage as "Illustrations, Animations and Interactive Presentations." A true and correct copy of Plaintiff's website home page is attached hereto as Exhibit D.

27. Plaintiff's website "Our Work" page located at advocacydm.com/ourwork lists Plaintiff's services as "Illustrations, Animations and Interactive Presentations."

28. The Defendant's advertisement lists "Illustrations, Animations and Interactive Presentations" **verbatim** under the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS."

29. The Defendant intentionally copied the words "Illustrations, Animations and Interactive Presentations" directly from Plaintiff's website advertising.

30. The parties established, likely-to-continue trade channels are identical, both parties market their Illustration, Animation and Interactive Presentation services to lawyers using trade journals and internet websites.

31. On June 26, 2021 Advocacy Digital Media sent an letter to Defendant demanding that Defendant cease using the phrase in any manner, including any print or electronic advertising (including social media use, e.g., facebook.com), and forever refrain from all future use. A true and correct copy of Plaintiff's letter is attached hereto as Exhibit E.

32. On July 20, 2021, Defendant responded through counsel that they "see no reason for our client to cease using its "Visual solutions for winning verdicts and settlements" slogan, or to otherwise alter its advertising practices." A true and correct copy of counsel's letter is attached hereto as Exhibit F.

33. Subsequent to the June 26, 2021 letter to Defendant, Defendant changed its website and created a new webpage located at highimpact.com/service/legal-visuals to display the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS."

34.     Subsequent to the June 26, 2021 letter to Defendant, Defendant began including the phrase "VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS" in the email signature line of its employees.

35.     Defendant has changed its website and created new pages that draw attention to the phrase "VISUAL SOLUTIONS," such as the "About" page and  located at highimpact.com/about to display the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS."

36.     Instead of respecting Plaintiff's rights in its federally-registered trademark, Defendant "doubled down" on its willful and deceitful conduct by expanding its use of the phrase to confuse consumers and intending to trade on and to benefit from the goodwill associated with Plaintiff's trademark.

## COUNT I

### (Trademark Infringement under 15 U.S.C. §1114)

37.     Plaintiff owns a protectible trademark. Plaintiff Advocacy Digital Media owns U.S. Registration Number 5554273 for the trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS for use in connection with "Computer graphics design services, namely, creating photorealistic animation designs for others; Design and development of computer-modeled versions of human beings using computer animation for use in movies, television, internet, games and other applications."

38.     Plaintiff generally refers to these services as "Illustrations, Animations and Interactive Presentations."

39.     Defendant is using in commerce a colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of its services in a manner that is likely to cause confusion, or to cause mistake, or to deceive.

40.     Defendant has used the infringing phrase in commerce and without Plaintiff's consent.

41.     On information and belief Defendant adopted the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS after Plaintiff registered its trademark with actual knowledge of Plaintiff's exclusive rights in the VISUAL SOLUTIONS TO COMPLEX PROBLEMS trademark.

42.     Defendant's phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS is similar in appearance, sound, meaning, and commercial impression to Plaintiff's trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS because of the presence of the words VISUAL SOLUTIONS in Defendant's mark, which are identical to the two dominant words in Plaintiff's trademark.

43.     Plaintiff's and Defendant's services are identical: Plaintiff's website lists Plaintiff's services as "Illustrations, Animations and Interactive Presentations" and Defendant's advertisement promotes "Illustrations, Animations and Interactive Presentations" services.

44.     Plaintiff's and Defendant's potential customers are identical: trial lawyers and other legal professionals.

45.     Plaintiff and Defendant share the same channels of trade, as evidenced by nearly identical advertisements in the very same issue of the Illinois Trial Lawyers Association magazine.

46.     The overall visual appearance of the Defendant's advertisement is so highly similar to the overall visual appearance of Plaintiff's advertisement, that Defendant must have copied Plaintiff's advertisement.

47.     The overall appearance, sound, meaning, and commercial impression of Defendant's phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS is nearly identical to Plaintiff's trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS.

48.     Defendant's use of the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS has caused actual harm to Plaintiff and will continue to cause actual harm unless

the Defendant is enjoined from further use of the phrase, or any confusingly similar variation thereof, to which Plaintiff is entitled pursuant to 15 U.S.C. §1116.

49.     Such acts by Defendant further cause harm to Plaintiff as to which Plaintiff is entitled to recover actual damages, Defendant's profits, and the costs of the action pursuant to 15 U.S.C. §1117 as well as the costs of any necessary corrective advertising.

50.     Defendant has willfully and intentionally adopted a phrase that is confusingly similar to Plaintiff's registered trademark, and Defendant's acts of infringement constitute willful infringement.

51.     The high degree of visual and commercial similarity in the two advertisements is due to Defendant's willful and intentional misappropriation of Plaintiff's registered trademark.

52.     Although Plaintiff has asked Defendant to not use the phrase VISUAL SOLUTIONS or anything confusingly similar, Defendant has expressly refused to do so as a malicious and adversarial tactic, forcing Plaintiff to go to Court to enforce its rights.

53.     Given that Defendant's conduct is intentional and willful, Plaintiff is entitled to an accounting of profits, attorneys' fees, and treble damages pursuant to 15 U.S.C. §1117.

## COUNT II

### (Unfair Competition)
### 15 U.S.C. §1125

54.     At all relevant times, Defendant had personal knowledge that Advocacy Digital Media uses VISUAL SOLUTIONS TO COMPLEX PROBLEMS in connection with illustration, animation and interactive presentations" services.

55.     Defendant intentionally and knowingly adopted and used in commerce Advocacy Digital Media's VISUAL SOLUTIONS TO COMPLEX PROBLEMS mark in connection with the sale, offering for sale, promotion and advertising of Defendant's services by placing an advertisement

in the Vol. 23, Nov. 2, Summer 2021 issue of the Illinois Trial Lawyers Association magazine that was nearly identical to Advocacy Digital Media's advertisement.

56.    Defendant intentionally and knowingly used in commerce Advocacy Digital Media's VISUAL SOLUTIONS TO COMPLEX PROBLEMS mark in connection with the sale, offering for sale, promotion, or advertising of Defendant's services by using the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS.

57.    Defendant' egregious and intentional use and promotion of the phrase the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud the consumer who believes that the services are approved, endorsed or sponsored by Advocacy Digital Media.

58.    Defendant's continued and knowing use of Advocacy Digital Media's trademark without Advocacy Digital Media's consent or authorization constitutes intentional infringement of Advocacy Digital Media's rights in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

59.    Advocacy Digital Media's and Defendant's potential customers are identical.

60.    Advocacy Digital Media's and Defendant's services are identical.

61.    Advocacy Digital Media and Defendant both sell, offer for sale, promote and advertise their services using the same media and channels of trade.

62.    Defendant is intentionally seeking to mislead consumers by using a confusingly similar slogan in a nearly identical advertisement to promote Defendant's services.

63.    Defendant's advertising and its unauthorized use of the phrases VISUAL SOLUTIONS and VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS has actually deceived or has the tendency to deceive a substantial segment of consumers searching for information about Plaintiff.

11

64.     Defendant's false advertising is confusing consumers and diminishing the ability of Advocacy Digital Media's mark to function as a unique source identifier. This harm is irreparable and without an adequate remedy at law.

## COUNT III

### (State Trademark Infringement)
### 815 ILCS 510/2

65.     Claims for unfair competition and deceptive business practices brought under Illinois Statutes are to be resolved according to the principles set forth under the Lanham Act. *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill.1994); *Thompson v. Spring-Green Lawn Care Corp.*, 126 Ill.App.3d 99, 91 Ill.Dec. 202, 466 N.E.2d 1004, 1010 (Ill.App.Ct.1984).

66.     Plaintiff owns U.S. Registration Number 5554273 for the trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS.

67.     Plaintiff's trademark, VISUAL SOLUTIONS TO COMPLEX PROBLEMS is protectable under Illinois trademark laws.

68.     Plaintiff has advertised and continues to advertise the VISUAL SOLUTIONS TO COMPLEX PROBLEMS mark to trial lawyers and other legal professional in Illinois in magazines including the Vol. 23, Nov. 2, Summer 2021 issue of the Illinois Trial Lawyers Association magazine.

69.     Defendant High Impact intentionally adopted the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS knowing it was a confusingly similar to the VISUAL SOLUTIONS TO COMPLEX PROBLEMS trademark used by Plaintiff.

70.     Defendant's use of the phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS causes confusion among consumers.

71.     Defendant's phrase VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS is nearly identical in sound, appearance, and meaning to U.S. Registration Number 5554273 for the trademark VISUAL SOLUTIONS TO COMPLEX PROBLEMS.

72.     Advocacy Digital Media's and Defendant's potential customers are identical.

73.     Advocacy Digital Media's and Defendant's channels of trade are identical.

74.     Defendant's use of the phrases VISUAL SOLUTIONS and VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS has caused actual harm to Plaintiff and will continue to cause actual harm unless the Defendant is enjoined from further use.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Advocacy Digital Media respectfully requests that this Court enter an order for:

(i)     Judgment against Defendant High Impact and a determination that Defendant' use of the phrase VISUAL SOLUTIONS or VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS is violating §43(a) of the Lanham Act,

(ii)    Judgment against Defendant High Impact for preliminary and permanent injunctive relief prohibiting Defendant's use of the phrase VISUAL SOLUTIONS or VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS;

(iii)   Judgment against Defendant High Impact and an award of Advocacy Digital Media's actual damages to be proved at trial;

(iv)    Judgment against Defendant High Impact and an award of Advocacy Digital Media's costs and reasonable Attorney's Fees incurred in prosecuting this lawsuit;

(v)     Judgment against Defendant High Impact and an award of the costs of corrective advertising in an amount equal to the amount spent by Defendant on any advertising incorporating the phrase VISUAL SOLUTIONS or VISUAL SOLUTIONS FOR WINNING VERDICTS & SETTLEMENTS;

(viii)  Judgment against Defendant High Impact for oppressive and bad faith conduct and an award of punitive damages in an amount equal to $100,000.00;

(ix)    Prejudgment interest and costs; and

(ix)    Such other relief the Court deems just and appropriate.

## **JURY DEMAND**

Advocacy Digital Media hereby demands a trial by jury on all matters and issues triable by jury in this action.

Dated: October 25, 2021

Respectfully submitted,

[signed] /david m. adler/
David M. Adler, Esq.
ILL Bar No. 6242403
Adler Law Group
300 Saunders Road, Suite 100
Riverwoods, IL 60015
Phone: (866) 734-2568
Email: David@adler-law.com